*filed in open court*

*fmt 9/19/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 07-82-SLR |
| | ) | |
| SCOTT DAVID ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Edmond Falgowski, Assistant United States Attorney for the District of Delaware, and Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Scott David Robinson, by and through the defendant's attorney, Edson A. Bostic, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall enter a guilty plea to Count 15 of the Indictment, charging Distribution of Child Pornography, a violation of Title 18, United States Code, Section 2252A(a)(1) and (b)(1), which carries a maximum penalty of not less than 5 years imprisonment and not more than 20 years imprisonment, a $250,000.00 fine, a life term of supervised release, or any or all of the above, and a special assessment of $100. At sentencing the United States will move to dismiss the remaining counts of the Indictment.

2. The defendant acknowledges that the elements of the offense are as follows:

   a. Acting knowingly

   b. the defendant transmitted in interstate commerce

   c. child pornography, defined as a visual depiction of a minor engaged in an actual or simulated sex act and/or the lascivious exhibition of the genitals or pubic area.

The defendant admits that on or about November 13, 2006, he had an online chat over the Internet, during which he transmitted images of child pornography.

3. The defendant agrees to pay the special assessment on the day of sentencing. If the Court orders the payment of any fine as part of the defendant's sentence, the defendant agrees voluntarily to enter the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

4. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to recommend at sentencing a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). If the defendant's offense level is 16 or greater, the United States will move for an additional one point reduction, pursuant to U.S.S.G. § 3E1.1(a) and (b).

5. The defendant agrees to forfeit to the United States his interest in all computer hardware, software, and storage media taken from the defendant's home by FBI agents on or about February 16, 2007.

6. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant

expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case. The defendant knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including but not limited to, an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255 – except that the defendant reserves his right to appeal based on a claim that (1) defendant's sentence exceeded the statutory maximum, (2) the sentencing judge erroneously departed upwards from the guidelines range, or (3) his counsel provided ineffective assistance.

8. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

_____
Edson A. Bostic, Esquire
Attorney for Defendant

COLM F. CONNOLLY
United States Attorney

By: _____
Edmond Falgowski
Assistant United States Attorney

_____
Scott David Robinson, Defendant

Dated: 9-19-07

AND NOW this __19th__ day of __September__, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE SUE L. ROBINSON
United States District Court

3